Copy

## IN THE SUPERIOR COURT
## OF GUAM

DENNIS CAO CRUZ,                    )          Domestic Case no. DM 0117-10
                                    )
                    Plaintiff,      )
                                    )
        v.                          )
                                    )          **DECISION AND ORDER**
                                    )          re: Child Custody
MELINDA RIVERA,                     )
                                    )
                                    )
                    Defendant.      )
_____ )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on ~~December 29, 2011.~~ *February 20, 2012.* The Plaintiff was represented by Attorney Mylene N.R. Lopez. The Defendant was represented by Attorney Ron Moroni. After considering the matter presented, the court now issues the following decision and order.

## DISCUSSION

This matter arises out of a complaint for custody of minor child filed by the Plaintiff on February 22, 2010. Sabina Sky Cruz ("Sabina") is the biological child of Plaintiff and Defendant. Sabina was born on April 10, 2005, at Guam Memorial Hospital. Plaintiff and Defendant were not married when Sabina was born, nor are they married now.

On September 19, 2011, the parties informed the court that they reached an agreement on all but two issues regarding the modification of child custody. The parties agreed that the court would decide the remaining issues. The remaining issues concern the "right of first option of care" and the assignment of the tax exemption.

ORIGINAL

**First Option of Care**

With regards to the right of first option of care, the Defendant wants the following language to be included:

> Right of First Option for Care. If either parent is required to work, or will be unavailable for 12 hours or more when he or she is normally scheduled to have the child, he or she will give the other parent as much advance notice as possible and offer the opportunity to care for the child during the entire period of the absence, before making other child care arrangements.

As mentioned above, the parties disagree as to the applicability of this section in their agreement. Plaintiff does not want the section to be included in the custody agreement.[1] Defendant wants the section to state that she should be given the opportunity to care for the child whenever the Plaintiff is unavailable for 8 hours or more. The court finds that such a provision may be difficult to implement in the instant case because of the Plaintiff's occupation. The Plaintiff is a medical surgical nurse for the Guam Memorial hospital, and the court realizes that such a job comprises of unexpected emergencies and extended hours of work. Thus, the court does not want to burden the Plaintiff with such arrangements when he could possibly be dealing with an unexpected emergency at work. Additionally, it may lead to unanticipated disagreements. The court finds that the option of 12 hours is adequate because it is significant amount of time for the minor to be with a caretaker.

**Taxes**

With regards to taxes, the Defendant wants the following language to be included:

> Taxes. Parties shall alternate claim of the child for tax purposes. Father shall claim the child on odd numbered years. Mother shall claim the child on even numbered years.

---

[1] In the alternative, Plaintiff requests that the option is not triggered until and unless the Plaintiff plans to spend over 12 hours away from the child on his regular days with her.

ORIGINAL

As mentioned above, the parties disagree regarding this section. Plaintiff wants the section to be incorporated into the agreement with the same language. Plaintiff also asks that he be allowed to claim the child starting from 2009. Defendant does not want the section to be included in the custody agreement. Defendant's position is that this issue is best left up to the tax laws or the child support court. The court finds that such a provision is necessary to allow each party the benefit of claiming their child on a regular and consistent basis. Therefore, the taxes section as stated above shall apply.

With regards to allowing the Plaintiff to start claiming the child starting from 2009, the court notes the Plaintiff has been paying child support and providing support for the minor since 2005. The court will grant Plaintiff's request that he claim the child as an exemption on odd years beginning with 2009.

## CONCLUSION

Based on the foregoing, the court finds that the first option of care section, as stated above, shall apply. The court also finds that the section on taxes, as stated above, shall be included in the custody order.

SO ORDERED, this 20 day of _March_ 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

ORIGINAL